UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

———————————————

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., | CIVIL ACTION: |
| | NO. 24-4037 |
|     v. | |
| WE INFORM, LLC, et al. | |

———————————————————

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., | CIVIL ACTION: |
| | NO. 24-4041 |
|     v. | |
| INFOMATICS, LLC, et al. | |

———————————————————

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., | CIVIL ACTION: |
| | NO. 24-4045 |
|     v. | |
| THE PEOPLE SEARCHERS, LLC, et al. | |

———————————————————

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., | CIVIL ACTION: |
| | NO. 24-4075 |
|     v. | |
| DM GROUP, INC., et al. | |

———————————————————

STATUS CONFERENCE

April 2, 2025

Sharon Ricci, Official Court Reporter
Sharon.ricci.usdcnj@gmail.com
267-249-8780
Proceedings recorded by mechanical stenography; transcript
produced by computer-aided transcription.

1  ————————————————

2  ATLAS DATA PRIVACY
   CORPORATION, et al.,                CIVIL ACTION:
3
        v.                             NO. 24-4080
4
   DELUXE CORPORATION, et al.
5  ————————————————

6  ATLAS DATA PRIVACY
   CORPORATION, et al.,                CIVIL ACTION:
7
        v.                             NO. 24-4096
8
   DELVEPOINT, LLC, et al.
9  ————————————————

10 ATLAS DATA PRIVACY
   CORPORATION, et al.,                CIVIL ACTION:
11
        v.                             NO. 24-4098
12
   QUANTARIUM ALLIANCE, LLC,
13 et al.

14 ————————————————

   ATLAS DATA PRIVACY
15 CORPORATION, et al.,                CIVIL ACTION:

16      v.                             NO. 24-4103

17 YARDI SYSTEMS, INC., et al.

18 ————————————————

   ATLAS DATA PRIVACY
19 CORPORATION, et al.,                CIVIL ACTION:

20      v.                             NO. 24-4141

21 DIGITAL SAFETY PRODUCTS, LLC,
   et al.
22 ————————————————

23

24

25

```
1    ─────────────────────────

2    ATLAS DATA PRIVACY                CIVIL ACTION:
     CORPORATION, et al.,
3                                      NO. 24-4143

4        v.

5    CIVIL DATA RESEARCH
     ─────────────────────────
6
     ATLAS DATA PRIVACY
7    CORPORATION, et al.,             CIVIL ACTION:

8        v.                           NO. 24-4160

9    SCALABLE COMMERCE, LLC,
     et al.,
10   ─────────────────────────

11   ATLAS DATA PRIVACY
     CORPORATION, et al.,             CIVIL ACTION:
12
         v.                           NO. 24-4174
13
     LABELS & LISTS, INC.
14   ─────────────────────────

15   ATLAS DATA PRIVACY
     CORPORATION, et al.,             CIVIL ACTION:
16
         v.                           NO. 24-4176
17
     INNOVIS DATA SOLUTIONS, INC.
18   ─────────────────────────

19   ATLAS DATA PRIVACY
     CORPORATION, et al.,
20                                     CIVIL ACTION:
         v.
21                                     NO. 24-4178
     ACCURATE APPEND, INC., et al.
22   ─────────────────────────

23   ATLAS DATA PRIVACY
     CORPORATION, et al.,
24                                     CIVIL ACTION:
         v.
25                                     NO. 24-4256
     ZILLOW, INC., et al.
     ─────────────────────────
```

*United States District Court*
*District of New Jersey*

```
 1  _____

 2  ATLAS DATA PRIVACY
    CORPORATION, et al.,              CIVIL ACTION:
 3
          v.                          NO. 24-4261
 4
    EQUIMINE, INC., et al.
 5  _____

 6  ATLAS DATA PRIVACY
    CORPORATION, et al.,              CIVIL ACTION:
 7
          v.                          NO. 24-4269
 8
    THOMSON REUTERS CORPORATION,
 9  et al.
10  _____

    ATLAS DATA PRIVACY
11  CORPORATION, et al.,              CIVIL ACTION:

12        v.                          NO. 24-4292

13  MELISSA DATA CORP., et al.

14  _____

    ATLAS DATA PRIVACY
15  CORPORATION, et al.,              CIVIL ACTION:

16        v.                          NO. 24-4324

17  RESTORATION OF AMERICA,
    et al.
18  _____

19  ATLAS DATA PRIVACY
    CORPORATION, et al.,              CIVIL ACTION:
20
          v.                          NO. 24-4345
21
    i360, LLC, et al.
22  _____

23

24

25
```

```
 1    ─────────────────────────────

 2    ATLAS DATA PRIVACY
      CORPORATION, et al.,            CIVIL ACTION:
 3
           v.                         NO. 24-4380
 4
      GOHUNT, LLC, et al.
 5    ─────────────────────────────

 6    ATLAS DATA PRIVACY
      CORPORATION, et al.,            CIVIL ACTION:
 7
           v.                         NO. 24-4383
 8
      ACCUZIP, INC., et al.
 9    ─────────────────────────────

10    ATLAS DATA PRIVACY
      CORPORATION, et al.,            CIVIL ACTION:
11
           v.                         NO. 24-4385
12
      SYNAPTIX TECHNOLOGY, LLC,
13    et al.

14    ─────────────────────────────

      ATLAS DATA PRIVACY
15    CORPORATION, et al.,            CIVIL ACTION:

16         v.                         NO. 24-4389

17    JOY ROCKWELL ENTERPRISES,
      INC., et al.
18    ─────────────────────────────

19    ATLAS DATA PRIVACY
      CORPORATION, et al.,            CIVIL ACTION:
20
           v.                         NO. 24-4434
21
      E-MERGES.COM, INC.
22    ─────────────────────────────

23

24

25
```

1

2  **ATLAS DATA PRIVACY**
   **CORPORATION, et al.,**                    **CIVIL ACTION:**
3
           **v.**                              **NO. 24-4609**
4
   **NUWBER, INC., et al.**
5

6  **ATLAS DATA PRIVACY**
   **CORPORATION, et al.,**                    **CIVIL ACTION:**
7
           **v.**                              **NO. 24-4664**
8
   **ROCKETREACH, LLC, et al.**
9

10 **ATLAS DATA PRIVACY**
   **CORPORATION, et al.,**                    **CIVIL ACTION:**
11
           **v.**                              **NO. 24-4949**
12
   **BELLES CAMP COMMUNICATIONS,**
13 **INC., et al.**

14 **ATLAS DATA PRIVACY**
   **CORPORATION, et al.,**                    **CIVIL ACTION:**
15
           **v.**                              **NO. 24-5600**
16
17 **PROPERTYRADAR, INC, et al.**

18

19 **ATLAS DATA PRIVACY**
   **CORPORATION, et al.,**                    **CIVIL ACTION:**
20
           **v.**                              **NO. 24-5656**
21
   **THE ALESCO GROUP, L.L.C.**
22

23

24

25

1  ────────────────────────────

2  ATLAS DATA PRIVACY
   CORPORATION, et al.,            CIVIL ACTION:
3
          v.                       NO. 24-5658
4
   SEARCHBUG, INC.
5  ────────────────────────────

6  ATLAS DATA PRIVACY
   CORPORATION, et al.,            CIVIL ACTION:
7
          v.                       NO. 24-5775
8
   AMERILIST, INC., et al.
9  ────────────────────────────

10 ATLAS DATA PRIVACY
   CORPORATION, et al.,            CIVIL ACTION:
11
          v.                       NO. 24-7324
12
   US DATA CORPORATION, et al.
13 ────────────────────────────

14 ATLAS DATA PRIVACY
   CORPORATION, et al.,            CIVIL ACTION:
15
          v.                       NO. 24-8075
16
   SMARTY, LLC, et al.
17 ────────────────────────────

18 ATLAS DATA PRIVACY
   CORPORATION, et al.,            CIVIL ACTION:
19
          v.                       NO. 24-8451
20
   COMPACT INFORMATION SYSTEMS,
21 LLC, et al.
22 ────────────────────────────

   ATLAS DATA PRIVACY
23 CORPORATION, et al.,            CIVIL ACTION:

24        v.                       NO. 24-10600

25 DARKOWL, LLC, et al.
   ────────────────────────────

```
 1  ———————————————————————

 2  ATLAS DATA PRIVACY
    CORPORATION, et al.,            CIVIL ACTION:
 3
          v.                        NO. 24-11023
 4
    SPY DIALER, INC., et al.
 5  ———————————————————————

 6  ATLAS DATA PRIVACY
    CORPORATION, et al.,            CIVIL ACTION:
 7
          v.                        NO. 24-11443
 8
    LIGHTHOUSE LIST COMPANY, LLC,
 9  et al.
10  ———————————————————————

    ATLAS DATA PRIVACY
11  CORPORATION, et al.,            CIVIL ACTION:

12        v.                        NO. 25-237

13  PEOPLEWHIZ, et al.

14  ———————————————————————

    ATLAS DATA PRIVACY
15  CORPORATION, et al.,            CIVIL ACTION:

16        v.                        NO. 25-1480

17  FIRST DIRECT, INC., et al.

18  ———————————————————————

    ATLAS DATA PRIVACY
19  CORPORATION, et al.,            CIVIL ACTION:

20        v.                        NO. 25-1517

21  GREENFLIGHT VENTURE CORP.,
    et al.
22  ———————————————————————

23

24

25
```

————————————————

**ATLAS DATA PRIVACY
CORPORATION, et al.,**                    **CIVIL ACTION:**

   **v.**                                **NO. 25-1535**

**INNOVATIVE WEB SOLUTIONS,
et al.**

————————————————

**Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey  08101
April 2, 2025
Commencing at 10:00 a.m.**

**B E F O R E:**               **THE HONORABLE HARVEY BARTLE, III,
                               UNITED STATES DISTRICT JUDGE**

**A P P E A R A N C E S:**

    BOIES SCHILLER FLEXNER LLP
    BY:  ADAM R. SHAW, ESQUIRE
    30 South Pearl Street, 12th Floor
    Albany, New York 12207
    For the Plaintiffs

    PEM LAW LLP
    BY:  RAJIV D. PARIKH, ESQUIRE
    1 Boland Drive, Suite 101
    West Orange, New Jersey 07052
    For the Plaintiffs

    TROUTMAN PEPPER HAMILTON SANDERS LLP
    BY:  ANGELO A. STIO III, ESQUIRE
    301 Carnegie Center, Suite 400
    Princeton, New Jersey 08543
    For the Defendants CARCO Group Inc.; Acxiom, LLC; AtData,
    LLC; Deluxe Corporation; DM Group, Inc.; Enformion, LLC;
    Red Violet, Inc.; Remine Inc.; RocketReach LLC; CoreLogic
    Inc.

1   **APPEARANCES CONTINUED:**

2

3       BALLARD SPAHR LLP
        BY:  MICHAEL BERRY, ESQUIRE
4       1735 Market Street, 51st Floor
        Philadelphia, Pennsylvania 19103
5       For the Defendant Thomson Reuters

6       SEYFARTH SHAW LLP
        BY:  ROBERT T. SZYBA, ESQUIRE
7       620 Eighth Avenue, 32 Floor
        New York, New York 10018
8       For the Defendant We Inform

9

10      RKW LAW GROUP
        BY:  MARK STICHEL, ESQUIRE
11      10075 Red Run Boulevard, Suite 401
        Owings Mills, Maryland 21117
12      For the Defendant E-Merges

13      FREEMAN MATHIS & GARY, LLP
        BY:  ANDREW W. SHEPPARD, ESQUIRE
14      3 Executive Campus, Suite 350
        Cherry Hill, New Jersey 08002
15      For the Defendant First Direct, Inc.

16

17      GREENBERG TRAURIG LLP
        BY:  AARON VAN NOSTRAND, ESQUIRE
18      500 Campus Drive, Suite 400
        Florham Park, New Jersey 07932
        For the Defendant GoHunt

19

20  **A L S O   P R E S E N T:**

21      Larry Macstravic, Courtroom Deputy

22      Ryan Rose, Judicial Law Clerk

23

24  (Further appearances of counsel are listed on sign-in sheet,
    Attachment 1, to the docket minute entry.)
25

1          (Proceedings held in open court before The

2    Honorable Harvey Bartle, III, United States District Judge, at

3    10:00 a.m.)

4          THE COURTROOM DEPUTY:  All rise.

5          THE COURT:  Good morning.

6          THE COURTROOM DEPUTY:  You may be seated.

7          THE COURT:  Thank you all for coming.  I thought it

8    would be useful to start off by just kind of summarizing where

9    we are, and then I want to hear from all of you as to where we

10   ought to be going.  And if I get my facts incorrect, I'm sure

11   you'll correct me.

12         First, on March 18th, the court of appeals denied

13   permission to appeal on the remanded cases under 28 U.S.C.

14   1453(c).

15         On the same day, the court of appeals granted the

16   motion for interlocutory appeal under 28 U.S.C. 1292(b) in the

17   non-remand cases, except for the case of Atlas vs. Delvepoint,

18   and the issue before the court of appeals would be whether

19   Daniel's Law is unconstitutional on its face.  The court set an

20   expedited briefing schedule and set oral argument for the week

21   of July 7th.

22         Also -- March 18th is a busy day -- the defendants

23   filed their remaining motions to dismiss the complaint pursuant

24   to this Court's January 22nd, 2025, order.  The motions to

25   dismiss really cover three general categories.  First, there

1    are the Rule 12(b)(6) motions to dismiss for failure to state a

2    claim, and those motions involve a number of different issues,

3    *Iqbal/Twombly*; Section 230, the Communications Decency Act;

4    pre-emption under the Fair Credit Reporting Act;

5    extraterritorial issues; and one case raises the issue that the

6    statute is unconstitutional as applied.

7           These motions, by their nature, it seems to me do not

8    require discovery.  The Court can decide those motions based on

9    the well-pleaded facts and any undisputed documents that the

10   Court also can consider.

11          Then there are motions under Rule 12(b)(2) by 15

12   defendants challenging personal jurisdiction.  And unlike the

13   12(b)(6) motions, it appears that discovery may be needed in

14   order to resolve those issues.  I may also add that unlike the

15   12(b)(2) motions, I think all the defendants who are subject to

16   my January 22nd, 2025, order have filed motions to dismiss

17   under 12(b)(6).

18          There's one case, Atlas vs. Thomson Reuters, 24-4269,

19   which challenges service of process on two defendants who are

20   Canadian corporations; Thomson Reuters Corporation and Thomson

21   Reuters Canada Limited.

22          There are three more recent cases, Atlas vs. First

23   Direct, Atlas vs. Greenflight and Atlas vs. Innovative, which I

24   think were filed after my January 22nd, 2025, order.  In all

25   those cases, motion to dismiss on the ground that Daniel's Law

 1    is unconstitutional on its face were filed, and the Court has

 2    denied those motions and certified each of those cases under

 3    1292(b).

 4            And I think in two of -- I think two of the cases

 5    there have been motions in the court of appeals to take the

 6    appeal.

 7            In Atlas vs. Greenflight there's been a motion filed

 8    under 12(b)(2).  There have been no additional motions by

 9    Innovative in Atlas v. Innovative, 25-1535.  And there are two

10    cases which have been stayed pending settlement, Atlas vs.

11    Fortnoff Financial and Atlas vs. MyHeritage.

12            I think that in brief summary is what's happened so

13    far.  So I'll hear from the plaintiff's counsel first as to

14    where we ought to be going, and then I'll hear from Mr. Stio

15    and all of his colleagues.

16            MR. SHAW:  Thank you, Your Honor.  Good morning.

17            THE COURT:  Good morning.

18            MR. SHAW:  Adam Shaw for the plaintiffs.  Appreciate

19    you've summarized it very well and organized what seemed to be

20    a little bit of a mess very well.

21            We think that there's a couple of things we should be

22    doing -- so first of all, we think you have it right, your

23    assessment.  Here's where I think we should be going.

24            One, we should proceed with discovery on the personal

25    jurisdiction motions.  I think there's, you know, an avenue to

1    get information that will help us and help the Court resolve

2    those motions.  So that's the 12(b)(2).

3         On the 12(b)(6), they've raised a couple of issues,

4    not all of them, but a few issues that it may be that we could

5    amend the pleadings or deal with the defendants on trying to

6    narrow some of the issues that they've raised.  Some of the

7    issues go specifically to pleading issues and it's possible

8    that we can either work with them to narrow that -- either come

9    to an agreement or suggest a way that we would amend the

10   pleadings in some fashion to resolve some of those issues, and

11   I think that that's a worthwhile exercise.

12        And in any event, I think having some time for the

13   plaintiffs to answer these motions to dismiss in the interim

14   while we're doing the discovery on the personal jurisdiction

15   motions makes some sense.

16        As you mentioned, there's a couple of stragglers --

17        THE COURT:  What about the Reuters case?  That case

18   was filed well over a year ago and there hasn't been service

19   made on the Canadian defendants.  Now, I understand Rule 4

20   doesn't have a time limit because they're not domestic, but

21   there's got to be some limit.

22        MR. SHAW:  We're tracing that through.  Because there

23   was some acknowledgments of service that went back and forth,

24   so we're trying to trace that through and figure that out.  But

25   I think either we will work with -- we haven't spoken to

1   Thomson Reuters about it, but we're going to try to speak to

2   them about either facilitating that service or getting some

3   other type of acknowledgment if it's capable of being done.

4          THE COURT:  All right.  Let me hear from Mr. Stio and

5   then we'll delve into these things in a little more detail.

6          MR. STIO:  Good morning.

7          THE COURT:  Good morning.

8          MR. STIO:  And thank you for the summary.  I think

9   it's accurate, it's correct of where we stand.

10         Your Honor, one of the things that the defendants

11  would like the Court to consider is a stay, and we're happy to

12  brief it, but we think that as to the motions to dismiss on the

13  12(b)(6) grounds, the dispositive nature of this appeal on that

14  motion to dismiss and the issues there require a stay.

15         It deals with the applicable standard of culpability.

16  We actually have an argument that it's not adequately alleged

17  in the complaint as to negligence.  So the defendants would

18  want the Court to put in a stay as to the motions to dismiss

19  and as to discovery until the Third Circuit rules.

20         We think that the Third Circuit will issue a ruling on

21  an expedited basis with, as the Court said, oral argument

22  probably occurring during the week of July 7th.  We've done

23  some research on it.  And when an expedited appeal is handled

24  by the Third Circuit, it usually results in a decision anywhere

25  from 2 days to 30 days after the disposition date or oral

1    argument.

2         So we don't think that this would be a long stay that

3    would be in place and we would ask that the Court, as to the

4    motion to dismiss and discovery, see what the Third Circuit

5    does before we move forward with those.

6         THE COURT:  All right.  I want to hear from counsel on

7    the Reuters matter on this service issue.  Is someone here

8    representing Reuters?

9         Come forward.

10        MR. BERRY:  Good morning, Your Honor.  Mike Berry from

11   Ballard Spahr representing Thomson Reuters.  Basically the two

12   entities have never been served.  It's been well over a year.

13   This is all outlined in our papers.

14        THE COURT:  Right.  I've read it.

15        MR. BERRY:  Plaintiff's counsel has not reached out to

16   us.  We don't believe that the Canadian entities are necessary

17   or proper in the case.  They have the two entities which we've

18   already substituted in that are responsible for the

19   publications that are at issue.  Having dragged their feet for

20   the 14 months, 15 months this case has now been pending, we

21   think their ship has sailed and they're free to proceed against

22   the two entities that actually were responsible for the sites

23   that supposedly made the information available.

24        THE COURT:  Mr. Shaw, what efforts have been

25   made?

```
 1            MR. SHAW:  I am sorry, Your Honor?

 2            THE COURT:  What efforts have been made?  In other

 3    words, you've received this motion and you've not reached out

 4    to the Ballard firm on that issue?

 5            MR. SHAW:  We haven't yet, Your Honor.  I apologize

 6    for that.  Although, you know, as you know, the Thomson Reuters

 7    entities were subject of prior motions and we were negotiating

 8    with them, and this issue never came up with them during those

 9    negotiations.  Had it, we would have dealt with it then.

10            We're aware of it now.  I apologize that we haven't

11    dealt with it.  But the case is going to go forward at least

12    against the other two.  So maybe in short order, give us a

13    limited amount of time to talk to them about whether we can

14    resolve it, whether there's a way for us to serve immediately

15    in Canada and come back to the Court with some kind of

16    resolution, or if not, we'll have to deal with the motion.

17            But again, the case is going to proceed against the

18    other two and --

19            THE COURT:  I understand, but there is a motion.  So

20    what we'll do is I'll direct you to file a brief in opposition

21    in two weeks on that motion.  So we're either going to fish or

22    cut bait on that.  You're either going to get it done or agree

23    to dismiss them or file your brief in two weeks.

24            All right?

25            MR. SHAW:  Thank you, Your Honor.
```

```
 1            THE COURT:  All right.  Now, let's talk about the --
 2    go ahead.  Good morning.
 3            MR. VAN NOSTRAND:  Good morning, Your Honor.  I'm
 4    Aaron Van Nostrand from Greenberg Traurig, I represent GoHunt.
 5    And we also filed a consolidated brief on behalf of the 15
 6    defendants on personal jurisdiction motion.
 7            THE COURT:  Right.
 8            MR. VAN NOSTRAND:  I'd just like to address briefly
 9    request for jurisdictional discovery.  We just don't think that
10    plaintiffs have done enough, have pled enough facts in the
11    complaint to give them the basis for jurisdictional discovery.
12            If they're looking for that, we should I think brief
13    the issue so that they can justify what they need from each of
14    the 15 defendants that filed a motion to dismiss on personal
15    jurisdiction grounds and justify the basis for jurisdictional
16    discovery here.
17            THE COURT:  Anyone else that wishes to be heard before
18    we...
19            (No response.)
20            THE COURT:  Mr. Parikh?
21            MR. PARIKH:  Your Honor, thank you.  Nice to see you.
22    Roger Parikh on behalf of the plaintiffs.
23            Judge, with respect to Greenberg Traurig, there's an
24    issue that counsel is aware of.  We believe they have a
25    conflict and they need to be disqualified, so we need to tee up
```

1  that issue as well.

2          THE COURT:  Who should be disqualified?

3          MR. PARIKH:  Greenberg Traurig.  They represented

4  Atlas.  They were aware -- not the folks involved in this case,

5  but other lawyers at the firm --

6          THE COURT:  Which case is it?  What case are they

7  from?

8          MR. PARIKH:  This is on GoHunt, Atlas vs. GoHunt.

9          THE COURT:  What's the number?

10          MR. PARIKH:  I think it's 24-4380.

11          THE COURT:  Okay.

12          MR. PARIKH:  And so, you know, we've tried to work it

13  out, Your Honor.  I think we're at an impasse where we cannot

14  work it out, and so we need to tee up a motion to disqualify

15  that we'll be filing with respect to that case.

16          THE COURT:  When will you be filing that?

17          MR. PARIKH:  I think a couple of weeks, if that's

18  okay.

19          THE COURT:  Two weeks, any motion to disqualify.

20          MR. PARIKH:  Thank you, Judge.

21          THE COURT:  All right.  How about the three cases that

22  -- I'll call them more recent cases, the First Direct,

23  Greenflight and Innovative.  Anybody here representing them?

24  Let's see where we are on those.

25          MR. SHEPPARD:  Good morning, Your Honor.  Andrew

1  Sheppard, Freeman, Mathis & Gary on behalf of First Direct.

2        On Monday, the 31st, we filed our petition in the

3  Third Circuit for permission to appeal.

4        THE COURT:  Right.  I saw that.

5        MR. SHEPPARD:  They have been docketed.  The Court

6  gave the plaintiffs until tomorrow to respond and that's where

7  we are right now.

8        THE COURT:  But you're still here.  What about the

9  other issues, Rule 12(b)(6) issues and 12(b)(2) issues?

10        MR. SHEPPARD:  Our intent is to file a motion.

11        THE COURT:  On what?

12        MR. SHEPPARD:  For challenge to personal jurisdiction,

13  and we're considering on 12(b)(6) grounds as well.

14        THE COURT:  All right.  So when will you be filing?

15  We need to set a deadline for that.

16        MR. SHEPPARD:  We had prepared internally a consent

17  order, and off the top of my head, I apologize, I don't

18  remember if we provided a copy to Mr. Parikh, but we were

19  looking for sometime next week.

20        So if two weeks is okay, we can do it within that time

21  period.

22        THE COURT:  All right.  Why don't we say any remaining

23  motions for your client in two weeks from today.

24        MR. SHEPPARD:  Very well, Your Honor.

25        THE COURT:  Okay.  And how about -- Greenflight has

```
 1  filed its motion under Rule 12(b)(2), so I assume that's the

 2  only motion that Greenflight would be filing.  Is that correct?

 3          Anybody here representing Greenflight?

 4          MR. PARIKH:  Your Honor, I've been in conversations

 5  with counsel for Greenflight, so we may file a joint motion to

 6  stay because we are very close to resolving that matter.  I

 7  should know within a week.

 8          THE COURT:  All right.

 9          And how about Atlas vs. Innovative, anybody here

10  representing that company?

11          (No response.)

12          THE COURT:  Well, I'll file an order requiring them to

13  file any remaining motions in two weeks with supporting brief.

14          Now, let's get back to the main group of cases.  It

15  seems to me that, obviously, I anticipate that the defendants

16  would raise the issue of a stay.  We're not going to stay the

17  matter.  We're going to move forward.  The court of appeals has

18  expedited things, so I just think it's important that we

19  continue the briefing here.

20          Now, let's deal with the 12(b)(6), this issue of

21  amending your pleadings.  My question is whether I simply just

22  enter an order requiring responses on the motions within a

23  certain period of time, all 12(b)(6) motions, because they

24  don't require any discovery.  There may be a dispute about what

25  I can consider.  Obviously well-pleaded facts and under Third
```

1  Circuit precedent I can consider undisputed documents, take

2  judicial notice of things, that sort of thing.

3        And obviously, if you want to work out something on

4  issues, you can obviously do that, but it seems to me we're

5  going to have to move forward on this one way or the other.

6  That's something you should have been thinking about before

7  today.

8        MR. SHAW:  That's fair, Your Honor.  And if we can

9  work something out where we can narrow the issues, we'll try to

10 do that before the date that the briefs are due.

11        THE COURT:  How about 30 days?  Can you deal with all

12 the 12(b)(6) issues in 30 days?

13        MR. SHAW:  Your Honor, if we could get 45 days, it

14 would be good.  Hopefully -- I mean, you haven't spoken to it

15 yet, but hopefully we'll be undertaking the discovery in the

16 personal jurisdiction motions --

17        THE COURT:  We'll get to that.

18        MR. SHAW:  -- which will take a little bit longer.  So

19 eventually motions under 12(b) are going to take longer than 30

20 days to resolve.  If we could get 45 days, that would be

21 appreciated.

22        THE COURT:  You're the ones that are the plaintiffs.

23        MR. SHAW:  Your Honor, let's do 30 days.  That's

24 fine.

25        THE COURT:  All right.  30 days to respond to all

1  12(b)(6) motions.

2         Now we have the 12(b)(2).

3         Mr. Stio, you want to speak?

4         MR. STIO:  Yes.  Sorry, Your Honor.  Can we put a date

5  for a reply brief?  I am sorry.

6         THE COURT:  Sure.  Unlike the plaintiffs, I know you

7  have the issue of coordination, it's not just your firm filing

8  it, so why don't we say three weeks thereafter.  And I'll set

9  some page limits in terms of a consolidated brief, and if

10 people want to file individual briefs they'll be much shorter.

11        MR. STIO:  You said three weeks or two weeks?

12        THE COURT:  Three weeks, I'll give you three weeks.  I

13 think that's fair because you have to coordinate with your

14 fellow lawyers.

15        Now then we have the 12(b)(2) motions.  Now let's talk

16 about that in terms of discovery.

17        Mr. Stio, do you want to speak to that in terms of --

18 it just seems to me that those motions probably do require some

19 discovery, the 12(b)(2), wouldn't you agree, that they should

20 be allowed discovery?

21        MR. STIO:  Your Honor, we didn't file a 12(b)(2).

22 I'll have Mr. --

23        THE COURT:  You didn't?  Who filed a -- you're not the

24 only one.

25        MR. VAN NOSTRAND:  I'm not the only one.  I think

1  there's others here as well.

2        THE COURT:  Let's hear from anybody who's representing

3  a defendant who has filed a 12(b)(2).

4        MR. VAN NOSTRAND:  Aaron Van Nostrand again.  And

5  anyone else can address this issue as well.

6        We don't believe that plaintiffs have -- just given

7  the one conclusory allegation in the complaint to try to

8  support personal jurisdiction, I've done enough, I've pled

9  enough facts to support jurisdictional discovery here.  And

10  again, if they believe they need it, they should file a brief,

11  and we could respond about whether they're entitled to

12  jurisdictional discovery and what the scope of that should

13  be.

14        THE COURT:  All right.  Good morning.

15        MR. STICHEL:  Good morning.  Mark Stichel, I'm in the

16  eMerges case, which is 4434.

17        And it would be our position that the Court should

18  stay any jurisdictional discovery until after the Third Circuit

19  has ruled on the facial challenge, because if their facial

20  challenge is successful, the case goes away and it moots the

21  issue.

22        THE COURT:  And if I don't do that, what's your

23  view?

24        MR. STICHEL:  Well, my view is that they have not

25  properly pled enough facts for jurisdictional discovery, so I

1  join the comments that were made previously.

2          THE COURT:  Thank you.

3          Good morning.

4          MR. SZYBA:  Good morning, Your Honor.  Ron Szyba for

5  We Inform, Infomatics, and The People Searchers.

6          I'll echo what prior defense counsel had said.  I

7  would also point out that the time frame for discovery or any

8  consideration of discovery, we just need to be specific as to

9  what type of discovery is allowed, whether it's

10 interrogatories, depositions, et cetera, and I think that will

11 play a big role in helping decide what the time factor should

12 be going forward.

13         THE COURT:  Thank you.

14         MR. SZYBA:  Thank you.

15         THE COURT:  I don't think the court of appeals would

16 take kindly if I didn't allow discovery on a jurisdictional

17 issue.  There's a recent case where they did not look very

18 kindly on a district judge who didn't permit it.

19         So I think discovery would be in order and the

20 question is how does that proceed in an orderly fashion.  And

21 it seems to me that maybe the first step would be for the

22 plaintiffs to serve a set of interrogatories on each of the

23 defendants, have those answered within 30 days, which is what

24 the rules would require; and then at that point the Court would

25 hold a status conference to see where we are, whether that

1   would be sufficient for the plaintiffs to file an opposing

2   brief or whether depositions would be necessary.  You might

3   need depositions in some cases and not others, maybe you would

4   need no depositions.  I don't know that we could determine that

5   at this point, but I think that would be better than just

6   starting off with depositions.

7            You know what the relevant issues are with respect to

8   personal jurisdiction.  Have the parties answer those and we'll

9   take it from there.

10           MR. SHAW:  Adam Shaw for the plaintiffs.

11           That seems fine, Your Honor.  Hopefully we'll get good

12  cooperation and we'll be able to get the information that we

13  need.

14           THE COURT:  Mr. Parikh?

15           MR. PARIKH:  Roger Parikh for the plaintiffs.  The one

16  thing I would ask, Your Honor, is what we have found in other

17  cases that are in state court where personal jurisdiction

18  issues were, is that some limited document requests went a long

19  way to the parties then resolving that issue.  Because of the

20  amount of data and information that many of the defendants

21  collect and the methods by which they collect them, their touch

22  points within the state of New Jersey and their capture of New

23  Jersey residents has been relevant.

24           So there are two particular cases in state court where

25  there was a personal jurisdiction challenge.  Once we actually

1   got into some document exchange and document discovery, the

2   defendants realized that there was no point in moving forward

3   on the personal jurisdiction argument, they withdrew their

4   motion and then the cases moved forward.

5           So I would ask, respectfully, that in addition to some

6   interrogatories, maybe some limited document requests to these

7   defendants would be appropriate.

8           THE COURT:  All right.  What would a document request

9   encompass?  Just give me an example.

10          MR. PARIKH:  In the circumstance I'm thinking of, Your

11  Honor, it related to the method by which -- it was documents

12  related to information within the data broker system that

13  relate to New Jersey residents and the methods by which they

14  capture that information.

15          So in that circumstance they were scraping information

16  off the internet, but they were also making requests to state

17  government in New Jersey through open public records requests

18  to say that they -- to get that information.

19          THE COURT:  Well, wouldn't that information be

20  available if you served interrogatories?

21          MR. PARIKH:  It could be, Your Honor.  And if some

22  document responses are going to come from interrogatories, I

23  think that would be fine.

24          You know, it's -- some of it in my mind has to do with

25  the way that -- and because we're dealing with different types

1    of defendants, they're mailing list companies versus people

2    search companies, the manner in which they obtain and gain

3    information is different.

4            So a mailing list company may, for example, subscribe

5    to a people search company to actually go into their database,

6    pull information and then sell it to a customer.  If that

7    mailing list company is selling to a customer in New Jersey and

8    hasn't challenged personal jurisdiction but the people search

9    company has sold to that business a New Jersey list for them to

10   sell to their company, I think we would make arguments related

11   to that with respect to personal jurisdiction.

12           So I think documents and some limited document

13   requests may aid in us getting to that information instead of

14   interrogatories which, you know, the very learned counsel I'm

15   sure will spend lots of time with their clients, objecting and

16   narrowing the scopes of the interrogatories to give us --

17           THE COURT:  Well, let's hope that you would ask

18   interrogatories that are relevant that would not produce

19   objections.

20           MR. PARIKH:  Of course.

21           THE COURT:  A limited number without -- so if I

22   permitted relevant interrogatories and relevant requests for

23   production, and I would hope that you would be discreet in what

24   you ask for and go to the heart of the issues.

25           MR. PARIKH:  We will.

1          THE COURT:  And then the defendants would have to be

2     responsible.

3          Now, how soon would you be able to get your

4     interrogatories and request for productions, sir?  Could you do

5     it within a week?

6          MR. PARIKH:  I would say two weeks would be

7     appropriate, Judge, just given the number of defendants here.

8     I think we've got --

9          THE COURT:  It's all going to be the same.

10          MR. PARIKH:  It should be the same, yes, I believe

11     that's right.

12          THE COURT:  So once you develop your format, that

13     shouldn't take two weeks to do that.

14          MR. PARIKH:  No.  I think the only difference would

15     be, Judge -- yes, we could do it within a week, Your Honor, if

16     that's preferable.  The reason I say just a little bit more

17     time is we may want to have one set for people search entities

18     versus mailing list entities just because of the differences in

19     their business.

20          THE COURT:  All right.  I see.  Well, we'll give you

21     ten days.

22          MR. PARIKH:  Okay.  That's fine.  Thank you, Judge.

23          THE COURT:  Ten days to serve interrogatories and

24     request for production related to the issue of personal

25     jurisdiction.  And then we'll give the defendants 30 days to

1   respond, that's what the rules require.

2          And the Court will then set a status conference after

3   those documents have been received and answers have been

4   received and we'll see where we are.  Because I don't think we

5   can at this point set any deadlines.  Let's just see what the

6   situation is, then we can set dates either for depositions, or

7   maybe none will be needed and deadlines for briefing and reply

8   briefs.

9          Yes, sir?

10         MR. VAN NOSTRAND:  Your Honor, Aaron Van Nostrand

11  again.

12         Can we have a numerical limitation on the number of

13  interrogatories and document requests that are permitted to be

14  served?  I was thinking maybe 10 and 10.

15         THE COURT:  Well, what would you anticipate in

16  interrogatories?  I mean, I know a lot of games are played with

17  interrogatories, they have subparts and all the rest of it, and

18  we want to move this thing along now.

19         What do you think you're going to need in

20  interrogatories?

21         MR. SHAW:  Judge, we're going to be focused and

22  directed.  I mean, they weren't limited when they did

23  jurisdictional discovery of our client and took the deposition

24  as part of the remand motion.  If we're overbroad or ask too

25  many, I'm sure they'll object.

1          We're going to try to be limited, but to try to

2    presubmit it is a little unclear --

3          THE COURT:  What I want to do is try to avoid a lot of

4    debate over discovery --

5          MR. SHAW:  Fair.

6          THE COURT:  -- and I think it's up to the plaintiffs

7    to be discreet and not ask overly broad and irrelevant

8    interrogatories.  I mean, it seems to me it's in your best

9    interest to do that, because if we're going to get a lot of

10   objections, then the thing is going to be delayed

11   significantly.

12         MR. SHAW:  I agree, Your Honor.  And then there's case

13   law that establishes what, you know, is needed for personal

14   jurisdiction and we're going to focus on that and we're going

15   to be narrow.

16         THE COURT:  And of course, we're talking about

17   internet companies and so forth and who knows exactly what the

18   rules are with respect to those.  I mean, it's a brave new

19   world out there.

20         And some decisions are at least concurring or

21   dissenting opinions by justices of the Supreme Court, we say we

22   need to think about this.  So I don't know whether we're in new

23   territory or not, but --

24         MR. SHAW:  But, Your Honor --

25         THE COURT:  -- I'm not -- I think I will not do it at

1  this point.  And obviously, if they come in with a hundred

2  interrogatories, you're going to have legitimate objections and

3  everything is going to be delayed.  And the plaintiffs are the

4  ones that supposedly want to bring all of this to a head.  So

5  if they do that, they're bringing delay on themselves.

6          MR. VAN NOSTRAND:  Understood, Your Honor.  Thank

7  you.

8          MR. SHAW:  Thank you, Your Honor.  And we'll heed that

9  admonition.

10          THE COURT:  We'll do that, interrogatories and request

11  for production of documents only, and you won't get into any

12  depositions at this point because I said I'll schedule it.

13          So within ten days the interrogatories and requests

14  will be served, and then the parties will have 30 days, so that

15  takes us to somewhere in the middle of May.  And we'll outline

16  all that in an order.  And then within a week or two

17  thereafter, I'll set a status conference where we'll talk about

18  where we are.  All right.  Let's just talk about -- I think we

19  did talk about the three recent cases.  First Direct, is

20  that -- yes, go ahead.

21          MR. STICHEL:  Your Honor, I had a question.  I wasn't

22  involved in the prior jurisdictional case or part of this case

23  where there was discovery, but was there a protective order

24  governing discovery entered there and would it be appropriate

25  to have it here?

```
 1              I don't know what type of business information --
 2              THE COURT:  Right.
 3              MR. STICHEL:  -- it may be asked through the
 4    discovery.
 5              THE COURT:  Right, that's a good point.
 6              MR. PARIKH:  There wasn't, Judge.  I think you had
 7    given a general admonition that we were going to keep things
 8    confidential.
 9              THE COURT:  Right.
10              MR. PARIKH:  I'm happy to work with Mr. Stichel as
11    well as the other defendants.  There is an appendix in the
12    local civil rules of the District of New Jersey that has a form
13    protective order that is used in pretty much every case.  So
14    I'm happy to have our office take that, see if any slight
15    modifications need to be made given the personal information on
16    the plaintiff's side that's been shared, and then provide that
17    to defense counsel for them to review.
18              THE COURT:  Let's not let that cause a delay, so let's
19    get that out.  And it makes it easy if New Jersey has a form
20    that everybody uses.  So I think your point is well taken if
21    there are facts that need to be protected, we should do it at
22    this stage.
23              MR. STICHEL:  Thank you, Your Honor.
24              MR. PARIKH:  And the form, Your Honor, has both
25    in-attorney's-eyes-only designation as well as a confidential
```

1  designation, so we're happy to operate under that while we work

2  this out, but I don't think there's any reason to delay for

3  that purpose.

4         THE COURT:  All right.  Is there anything else that we

5  need to do today?

6         (No response.)

7         THE COURT:  I'll get an order out in the next day or

8  two which will have all these deadlines and we'll take it from

9  there.

10         MR. PARIKH:  Your Honor, I think before Mr. Stichel

11  got up, you were asking a question about First Direct.  I just

12  didn't know if that was something else with respect to that

13  case.

14         THE COURT:  Well, we have -- First Direct, who is

15  representing First Direct here?  You had filed no motions and I

16  think you had two weeks to file your motions, correct?  Two

17  weeks to --

18         MR. SHEPPARD:  That's correct, Your Honor, we said two

19  weeks.

20         THE COURT:  Okay.  And then I'll give you -- and we'll

21  see where we are on that.  If it's a 12(b)(6), then we'll set a

22  deadline for you to respond to that; and if it's a 12(b)(2),

23  we'll do what we -- have parallel orders.

24         MR. PARIKH:  Yes, that's fine, Your Honor.

25         And I believe counsel said that they're planning on

```
 1   filing a personal jurisdiction motion, it's going to be two
 2   motions, so we're happy to just serve them with a discovery
 3   request within ten days and they can file their motion
 4   thereafter and then we can just --
 5               THE COURT:  That's fine.
 6               MR. SHEPPARD:  That's fine, Your Honor.
 7               THE COURT:  How about Innovative?
 8               (No response.)
 9               THE COURT:  No one is representing Innovative here?
10               Well, we'll enter an order as to Innovative.  No one
11   seems to be -- did you say you were working with them?
12               MR. PARIKH:  No, that's Greenflight.  I am not sure
13   who the counsel for Innovative is.  I believe it might be
14   Gordon Rees.  I know I've been in touch with them, I just don't
15   remember which lawyer it is, so I'm happy to chat with them
16   after this conference and just get them up to speed with --
17               THE COURT:  What I'll do is I'll include them.  If
18   they have to file any motions, within two weeks.
19               MR. PARIKH:  That's fine, Your Honor.
20               THE COURT:  All right.  Anything else we need to do
21   today?
22               (No response.)
23               THE COURT:  Thank you all very much for coming.
24               THE COURTROOM DEPUTY:  All rise.
25               (Matter adjourned at 10:36 a.m.)
```

1

2          - - - - - - - - - - - - - - -

3

4          I certify that the foregoing is a correct transcript

5    from the record of proceedings in the above-entitled matter.

6

7    /S/ Sharon Ricci, RMR, CRR
     Official Court Reporter

8

9    April 2, 2025
          Date

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*United States District Court*
*District of New Jersey*