**MANATT, PHELPS & PHILLIPS, LLP**
Kenneth D. Friedman
Matthew F. Bruno
7 Times Square
New York, New York 10036
(212) 790-4500
kfriedman@manatt.com
mbruno@manatt.com

Brandon P. Reilly (*pro hac vice*)
One Embarcadero Center, 30th Floor
San Francisco, California 94111
(415) 291-7400
breilly@manatt.com

*Attorneys for Defendant*
*Smarty, LLC d/b/a SmartyStreets, LLC*

### THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *et al.*,<br><br>                Plaintiffs,<br><br>     -against-<br><br>SMARTY, LLC, *et al.*,<br><br>                Defendants. | Civil Case No. 1:24-cv-08075-HB<br><br>Hon. Harvey Bartle III, District Court Judge<br><br>**SMARTY, LLC'S ANSWER AND <u>AFFIRMATIVE DEFENSES</u>** |

Defendant Smarty, LLC d/b/a SmartyStreets, LLC ("Smarty") through its undersigned counsel, respectfully submits its Answer and Affirmative Defenses to Plaintiffs' Complaint ("Complaint").

## INTRODUCTION

1. The allegations in Paragraph 1 of the Complaint call for a legal conclusion to which no response is required. To the extent that a specific response is required, Smarty denies the allegations in Paragraph 1 of the Complaint.

2. Smarty denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and, therefore denies the allegations therein.

3. Smarty denies the allegation that it has "wantonly and repeatedly disregard[ed] the law" in Paragraph 3 of the Complaint. Except as expressly denied, the allegations in Paragraph 3 of the Complaint consist of opinion, and/or call for a legal conclusion to which no response is required.

4. The allegations in Paragraph 4 of the Complaint consist of opinion, and/or call for a legal conclusion to which no response is required. To the extent that a specific response is required, Smarty denies the allegations in Paragraph 4 of the Complaint.

## BACKGROUND

5. Smarty lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 of the Complaint, and on that basis, denies them.

6. Smarty lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 of the Complaint, and on that basis, denies them.

7. Smarty lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Complaint, and on that basis, denies them.

8. The allegations in Paragraph 8 of the Complaint call for a legal conclusion to which no response is required. To the extent that a specific response is required, Smarty denies the allegations in Paragraph 8 of the Complaint.

9. The allegations in Paragraph 9 of the Complaint call for a legal conclusion to which no response is required. To the extent that a specific response is required, Smarty denies the allegations in Paragraph 9 of the Complaint.

10. Smarty lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 of the Complaint, and on that basis, denies them.

11. Smarty lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Complaint, and on that basis, denies them.

404272158.1

12. Smarty lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Complaint, and on that basis, denies them.

13. Smarty lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Complaint, and on that basis, denies them.

14. Smarty lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 of the Complaint, and on that basis, denies them.

## **THE PARTIES**

15. Smarty lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of the Complaint, and on that basis, denies them.

16. Smarty lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of the Complaint, and on that basis, denies them.

17. Smarty lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Complaint, and on that basis, denies them.

18. Smarty lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of the Complaint, and on that basis, denies them.

19. Smarty lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 of the Complaint, and on that basis, denies them.

20. Smarty lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 of the Complaint, and on that basis, denies them.

21. Smarty lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 of the Complaint, and on that basis, denies them.

22. Smarty lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 of the Complaint, and on that basis, denies them.

23. Smarty lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 of the Complaint, and on that basis, denies them.

404272158.1

24. Smarty lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of the Complaint, and on that basis, denies them.

25. The allegations in Paragraph 25 of the Complaint call for a legal conclusion to which no response is required. To the extent that a specific response is required, Smarty denies the allegations in Paragraph 25 of the Complaint.

26. The allegations in Paragraph 26 of the Complaint call for a legal conclusion to which no response is required. To the extent that a specific response is required, Smarty lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 of the Complaint, and on that basis, denies them.

27. Smarty lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 of the Complaint, and on that basis, denies them.

28. Smarty denies the allegations in Paragraph 28 of the Complaint.

29. The allegations in Paragraph 29 of the Complaint call for a legal conclusion to which no response is required. To the extent that a specific response is required, Smarty lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 of the Complaint, and on that basis, denies them.

404272158.1

30. Smarty lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 of the Complaint, and on that basis, denies them.

31. Smarty lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of the Complaint, and on that basis, denies them.

32. Smarty lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Complaint, and on that basis, denies them.

33. Smarty lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Complaint, and on that basis, denies them.

34. Smarty lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 of the Complaint, and on that basis, denies them.

35. The allegations in Paragraph 35 of the Complaint call for a legal conclusion to which no response is required. To the extent that a specific response is required, Smarty lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 of the Complaint, and on that basis, denies them.

36. Smarty denies the allegations in Paragraph 36 of the Complaint.

37. Smarty denies the allegations in Paragraph 37 of the Complaint.

38. Smarty denies the allegations in Paragraph 38 of the Complaint.

39. Smarty admits its website URL is "Smarty.com." Except as expressly admitted, Smarty denies the allegations in Paragraph 39.

40. Smarty denies the allegations in Paragraph 40 of the Complaint.

41. The allegations in Paragraph 41 of the Complaint call for a legal conclusion to which no response is required. To the extent that a specific response is required, Smarty lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41 of the Complaint, and on that basis, denies them.

## JURSIDICTION AND VENUE

42. The allegations in Paragraph 42 of the Complaint call for a legal conclusion to which no response is required. To the extent that a specific response is required, Smarty lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 of the Complaint, and on that basis, denies them.

43. The allegations in Paragraph 43 of the Complaint are legal conclusions to which no responsive pleading is required and pertain to the irrelevant issue as to whether the venue provisions of Rule 4:3-2 are satisfied.

## **FACTS COMMON TO ALL COUNTS**

44. The allegations in Paragraph 44 of the Complaint call for a legal conclusion to which no response is required. To the extent that a specific response is required, Smarty denies the allegations in Paragraph 44 of the Complaint.

45. The allegations in Paragraph 45 of the Complaint call for a legal conclusion to which no response is required. To the extent that a specific response is required, Smarty denies the allegations in Paragraph 45 of the Complaint.

46. The allegations in Paragraph 46 of the Complaint call for a legal conclusion to which no response is required. To the extent that a specific response is required, Smarty denies the allegations in Paragraph 46 of the Complaint.

47. The allegations in Paragraph 47 of the Complaint call for a legal conclusion to which no response is required. To the extent that a specific response is required, Smarty denies the allegations in Paragraph 47 of the Complaint.

48. The allegations in Paragraph 48 of the Complaint call for a legal conclusion to which no response is required. To the extent that a specific response is required, Smarty denies the allegations in Paragraph 48 of the Complaint.

49. The allegations in Paragraph 49 of the Complaint call for a legal conclusion to which no response is required. To the extent that a specific response is required, Smarty denies the allegations in Paragraph 49 of the Complaint.

50. The allegations in Paragraph 50 of the Complaint call for a legal conclusion to which no response is required. To the extent that a specific response is required, Smarty denies the allegations in Paragraph 50 of the Complaint.

51. Smarty lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 of the Complaint, and on that basis, denies them. Otherwise, the allegations in Paragraph 51 of the Complaint call for a legal conclusion to which no response is required.

52. Smarty lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52 of the Complaint, and on that basis, denies them.

53. Smarty denies the allegations in Paragraph 53 of the Complaint.

54. Smarty denies the allegation that it "still refuse[s] to comply with Daniel's Law" in Paragraph 54 of the Complaint. Except as expressly denied, Smarty lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54 of the Complaint, and on that basis, denies them.

55. Smarty lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 55 of the Complaint, and on that basis, denies them.

56. Smarty admits that "Individual Plaintiffs and Atlas hereby assert claims against Defendants" in Paragraph 56 of the Complaint. With respect to the

rest of the sentence, Smarty denies the allegations in Paragraph 56 of the Complaint.

## COUNT ONE
## (Daniel's Law)

57. Smarty reasserts and incorporates by reference its response to the foregoing Paragraphs as if set forth fully herein.

58. Smarty lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 58 of the Complaint, and on that basis, denies them.

59. Smarty denies the allegations in Paragraph 59 of the Complaint.

60. Smarty denies the allegations in Paragraph 60 of the Complaint.

61. Smarty denies the allegations in Paragraph 61 of the Complaint.

62. Smarty denies the allegations in Paragraph 62 of the Complaint.

63. Smarty denies the allegations in Paragraph 63 of the Complaint.

Smarty denies each and every allegation set forth in the paragraph in the Complaint that begins with "WHEREFORE, Plaintiffs request that Judgment be entered against Defendants as follows:," including all subparts, and specifically denies that Plaintiffs are entitled to any of the damages or other relief requested in the Complaint, either expressly or by implication, including but not limited to the specific relief requested on page 23, Paragraphs A-G of the Complaint, or to any relief at all.

## AFFIRMATIVE DEFENSES

Without waiving the foregoing or undertaking any burden of proof not otherwise assigned to it, Smarty asserts the following separate and affirmative defenses to the causes of action alleged in the Complaint. All defenses are pled in the alternative and do not constitute an admission either of liability, or as to whether Plaintiffs are entitled to relief. As separate and distinct affirmative defenses to the Complaint, Smarty alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

Plaintiffs fail to state a claim for which relief may be granted against Smarty.

### SECOND AFFIRMATIVE DEFENSE
**(Lack of Standing)**

Plaintiffs lack standing to bring the claims or to plead damages, and therefore Plaintiffs' claims are barred in whole or in part.

### THIRD AFFIRMATIVE DEFENSE
**(Estoppel and Waiver)**

Plaintiffs' claims are barred in whole or in part based on the doctrines of estoppel and waiver.

### FOURTH AFFIRMATIVE DEFENSE
### (Comparative Fault)

Smarty is not liable for monetary relief attributable to the responsibility, negligence, or fault of any other person or entity, whether named or unnamed in the Complaint, and any such relief shall be apportioned accordingly.

### FIFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiffs failed and neglected to mitigate their alleged damages, injuries, and/or losses, and therefore any recovery against Smarty is barred or reduced accordingly.

### SIXTH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiffs unreasonably delayed in asserting their claims against Smarty, and their claims are therefore barred as a result.

### SEVENTH AFFIRMATIVE DEFENSE
### (Release)

Plaintiffs have released their claims, cause of actions, and/or losses against Smarty.

### EIGHTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiffs' claims for relief are barred, in whole or in part, by the doctrine of unclean hands.

404272158.1

## NINTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

The purported cause of action alleged by the Plaintiffs is barred, in whole or in part, by the applicable statute(s) of limitations.

## TENTH AFFIRMATIVE DEFENSE
### (No Causal Connection)

The Plaintiffs' claim is barred because Smarty's conduct was not the proximate cause of Plaintiffs' alleged injuries, if any.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Conformance with Existing Laws and Regulations)

All conduct and activities of Smarty alleged in the Complaint conformed to statutes, government regulations, and industry standards based upon the state of knowledge existing at the time(s) alleged in the Complaint.  As a consequence, some or all of Plaintiffs' claims are barred in full, or in part, based on Smarty's good faith belief that it had good cause and/or a legitimate business reason to act as it did, and did not directly or indirectly perform any acts that would constitute a violation of any of Plaintiffs' rights.

## TWELFTH AFFIRMATIVE DEFENSE
### (No Damages)

Plaintiffs' claim for damages are barred, in whole or in part, because their damages, if any, are speculative and unforeseeable, and because it is impossible to ascertain and allocate such damages.

404272158.1

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Intervening or Superseding Causes)

Plaintiffs' Complaint is barred, in whole or in part, to the extent that Plaintiffs' purported damages, if any, resulted from the acts and/or omissions of other parties, third parties, conditions, or by forces and/or things over whom/which Smarty had no control.  The acts of such other parties/third parties/conditions/forces constitute intervening or superseding causes of the harm Plaintiffs suffered, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Offset)

Smarty is entitled to offset for any monies received by Plaintiffs from any source in compensation for their alleged economic damages and noneconomic damages under the common-law doctrine of offset and under the doctrine prohibiting double recovery.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Acquiescence, Ratification, and Consent)

The causes of the action in the Complaint are barred, in whole or in part, by the doctrines of acquiescence, ratification, and consent.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Collateral Estoppel, Res Judicata, and Judicial Estoppel)

The causes of action alleged in the Complaint are barred, in whole or in part, under the doctrines of collateral estoppel, res judicata, and/or judicial estoppel.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Unconstitutionality)

The civil provisions of Daniel's Law, P.L. 2020, c. 125, codified at N.J.S.A. 56:8-166.1–3, are facially unconstitutional under the First Amendment and the Free Speech Clause of the New Jersey Constitution, are unconstitutional as applied to Smarty, and are unconstitutionally vague.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Invalid Assignment of Claim)

The alleged Covered Persons did not execute a valid assignment of their rights under N.J.S.A. 56:8-166.1 to allow Atlas Data Privacy Corporation to prosecute the action on their behalf.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Punitive Damages Barred)

Plaintiffs' claim against Smarty for punitive damages is barred in whole or in part by the New Jersey Punitive Damages Act, N.J.S.A. § 2A:15-5.9.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Claims Barred by The Tort Claims Act)

Plaintiffs' claims against Smarty are barred in whole or in part by the New Jersey Tort Claims Act.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Claims Barred by Communications Decency Act)

Plaintiffs' claims against Smarty are barred in whole or in part by the Communications Decency Act.

## ADDITIONAL AFFIRMATIVE DEFENSES

The Complaint does not describe the claims or facts with sufficient particularity to permit Smarty to ascertain what other defenses may exist.  Smarty will rely on any and all further defenses that become available or appear during discovery in this action and specifically reserves the right to assert any additional defenses.

## PRAYER

WHEREFORE, having fully answered Plaintiffs' Complaint, Smarty prays for judgement as follows:

1. Plaintiffs' Complaint be dismissed in its entirety with prejudice;

2. Plaintiffs take nothing by reason of the Complaint;

3. Smarty be awarded its costs and expenses, including attorney's fees, incurred in this action; and

4. The Court award Smarty such other relief and further relief as the Court deems just and proper.

## **DESIGNATION OF TRIAL COUNSEL**

Kenneth D. Friedman, Esq. is hereby designated as trial counsel for Defendant Smarty, LLC d/b/a SmartyStreets, LLC.

Dated: October 3, 2025
       New York, New York

Respectfully submitted,

MANATT, PHELPS & PHILLIPS, LLP

/s/ *Kenneth D. Friedman*
Kenneth D. Friedman
Matthew F. Bruno
7 Times Square
New York, New York 10036
(212) 790-4500
kfriedman@manatt.com
mbruno@manatt.com

Brandon P. Reilly (*pro hac vice*)
One Embarcadero Center, 30th Floor
San Francisco, California 94111
(415) 291-7400
breilly@manatt.com

*Attorneys for Defendant*
*Smarty, LLC d/b/a SmartyStreets, LLC*

404272158.1

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served via ECF on October 3, 2025, to:

Rajiv D. Parikh
PEM Law LLP
One Boland Dr., Suite 101
West Orange, New Jersey 07052
(973) 577-5500
rparikh@pemlawfirm.com

                                                    By:  /s/ *Kenneth D. Friedman*
                                                         Kenneth D. Friedman