manatt

**Kenneth D. Friedman**
Manatt, Phelps & Phillips, LLP
Direct Dial: (212) 830-7184
E-mail: kfriedman@manatt.com

November 17, 2026

**VIA ECF**

Hon. Harvey Bartle, III, U.S.D.J.
United States District Court for the District of New Jersey
c/o United States District Court for the Eastern District of Pennsylvania
16614 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Re: *Atlas Data Privacy Corp., et al. v. Smarty, LLC, et al.*
Civil Action No. 24-cv-08075 (HB)

Dear Judge Bartle:

We represent Defendant Smarty, LLC d/b/a SmartyStreets, LLC ("Smarty") in the above-captioned action. We write in response to Plaintiffs' November 10, 2026 letter (ECF No. 112 ("Pls. Letter")) requesting that the Court "enforce" its September 9, 2026 Discovery Order (ECF No. 109, the "Discovery Order") or hold an expedited conference concerning alleged discovery deficiencies. Specifically, Plaintiffs challenge (1) Smarty's objection that Plaintiffs exceeded the Court-ordered numerical limits on discovery requests and (2) Smarty's position that document production should proceed pursuant to an agreed-upon ESI protocol. Plaintiffs' request for relief should be denied for three independent reasons.

## I. Plaintiffs Prematurely Sought Judicial Intervention Without First Meeting and Conferring with Smarty.

First, Plaintiffs' request is premature because they did not meet and confer with Smarty concerning either issue on which they now seek relief. The Discovery Order expressly provides that, following service of written discovery responses, "the parties thereafter shall meet and confer with respect to any objections or inadequate responses to the interrogatories or requests for production." (Discovery Order ¶ 6.) Federal Rule of Civil Procedure 37 likewise requires a party seeking to compel discovery to certify that it has in good faith conferred, or attempted to confer, with the responding party in an effort to resolve the dispute without Court intervention. Fed. R. Civ. P. 37(a)(1). Local Civil Rule 37.1 similarly requires a good-faith conference before a discovery motion is presented to the Court. L. Civ. R. 37.1(b)(1).

The meet-and-confer requirement is substantive, not a formality. *See Tech. Dev. Co., Ltd. v. Onischenko*, 2009 WL 3246851, at *2–3 (D.N.J. Oct. 5, 2009) (denying a motion to compel in part because the movants had not first met and conferred, emphasizing that "[t]he Local Civil Rules are not optional" and that counsel may not simply bypass the meet-and-confer requirement); *Roadtex Transp., LLC v. Della Donne*, 2026 WL 1502271, at *5–6 (D.N.J. May 29, 2026) (explaining that a good-faith meet and confer requires a "fulsome discussion and evaluation of the dispute" before Court intervention).

Plaintiffs have not satisfied this mandatory requirement. The sequence of events is undisputed. On November 3, 2026, Smarty timely served its written objections and responses. Plaintiffs did not thereafter contact Smarty to discuss any objection or response, request a conference, or identify any purported "deficiency." Instead, just one week later, on November 10, 2026, Plaintiffs included Smarty in a multi-defendant letter asking the Court for affirmative discovery relief. The Discovery Order contemplates that the meet-and-confer process will follow service of responses and precede any request for Court intervention; Plaintiffs skipped that step entirely. The Court should decline to adjudicate these issues before the parties have engaged in the process required by the Discovery Order and Local Civil Rule 37.1.

## II. Smarty Properly Preserved Its Objection That Plaintiffs Exceeded the Court-Ordered Numerical Limits.

Second, Plaintiffs contend that Smarty was required to raise its numerical objections before the November 3 response deadline. (*See* Pls. Letter at 4.) Nothing in either the Discovery Order or applicable rules imposes such a requirement. To the contrary, the Discovery Order expressly limits each party to twenty-five interrogatories, "including subparts," and thirty requests for production, "including subparts" (Discovery Order ¶ 3), and provides that objections are to be addressed after responses are served, when the parties "shall meet and confer with respect to any objections or inadequate responses to the interrogatories or requests for production." (*Id.* ¶ 6.) The Discovery Order thus contemplates exactly what Smarty did: assert its objections in its responses, and then confer about them.

Smarty fully complied with the Discovery Order. On November 3, 2026, Smarty timely served its Objections and Responses to Plaintiffs' First Set of Interrogatories, a true and correct copy of which is attached hereto as **Exhibit A**, and its Objections and Responses to Plaintiffs' First Set of Requests for Production, a true and correct copy of which is attached hereto as **Exhibit B**. In those responses, Smarty specifically objected where Plaintiffs' individual requests contained multiple discrete inquiries and, beginning with Interrogatory No. 15 and Request for Production No. 17, preserved its objection that the preceding discovery, including separately countable subparts, had exhausted the limits imposed by the Discovery Order. (*See* Ex. A at 23;

Ex. B at 20.) Plaintiffs identify no provision of the Federal Rules, Local Rules, or Discovery Order requiring Smarty to preview those objections before the deadline for serving them.

Nor does the Letter address the substance of Smarty's actual objections. Plaintiffs instead argue generally that discrete factual details should be treated as "a single substantive inquiry." (Pls. Letter at 5.) That generalization does not show that Smarty miscounted or that its objections to Plaintiffs' interrogatories and requests were improper. *See Katiroll Co., Inc. v. Kati Roll & Platters Inc.,* 2013 WL 3897598, at *2 (D.N.J. July 29, 2013) (approving report and recommendation denying motion to compel responses to interrogatories that exceeded the numerical limit).

Plaintiffs' discovery requests repeatedly include multiple subparts that can be answered independently. For example, Interrogatory No. 14 asks Smarty to identify products or services that: (1) disclosed or may have disclosed a home address or telephone number; (2) accepted such information as an input or returned such information as an output; and (3) confirmed, verified, validated, matched, or scored an association between such information and a person. (Ex. A at 14.) Each clause describes a different product function, and a given product or service could fall within one category without falling within the others. Smarty could therefore answer any one of these inquiries fully without answering the remaining two. Because each calls for a separate identification based on different criteria, these are discrete factual inquiries that count as separate subparts under the Discovery Order, not merely requests for subsidiary details concerning a single answer.

This defect permeates Plaintiffs' document requests as well. For example, Request No. 13 seeks documents sufficient to show, for each product or service and for each calendar month, (1) the total number of queries; (2) the number of queries in which a name, Home Address, or Telephone Number was submitted; (3) the number of queries in which a name, Home Address, or Telephone Number was, or could have been, included in the response; and (4) the number of records or results included in those responses, further broken down by whether they contained a Home Address, Telephone Number, or Protected Information. (*See* Ex. B at 19.) Each category measures something different (total query volume, the content of inputs, the content of outputs, and the volume and composition of results), and documents sufficient to show one would not necessarily show any other. Each therefore requires a separate determination and could be answered independently, rather than serving as a subsidiary detail of a single inquiry. The Discovery Order expressly counts subparts toward the thirty-request limit. (Discovery Order ¶ 3.) Plaintiffs cannot avoid that limitation by packaging numerous independently answerable demands beneath a single request number.

At minimum, whether these requests contain separately countable subparts is precisely the type of issue the Discovery Order directs the parties to address through the meet-and-confer

process before Plaintiffs seek an order summarily overruling Smarty's objections. Plaintiffs never initiated that process. As it stands, Smarty's numerosity objections are valid and timely interposed and should be sustained.

## III. Smarty Did Not Agree to Permit Other Defendants to Negotiate an ESI Protocol on Its Behalf.

Third and finally, Plaintiffs mischaracterize the status of an ESI protocol in this case. The Letter asserts that Plaintiffs circulated a proposed ESI protocol to "lead defense counsel" on September 21, 2026, for distribution to all defendants and suggests that defendants collectively failed to respond. (Pls. Letter at 6.) But Plaintiffs never provided *Smarty* with a draft ESI protocol for negotiation, and Smarty never authorized counsel for another defendant to negotiate an ESI protocol on its behalf. Nothing in the Discovery Order appoints "lead defense counsel" for that purpose or requires all defendants—separate entities with different systems, data, custodians, burdens, and technical requirements—to accept a single protocol negotiated without their participation.

Plaintiffs elected to commence individual civil actions against scores of separate defendants. Absent a further order of the Court or an agreement of the parties, neither of which exists here, that choice does not permit Plaintiffs to treat ESI protocol negotiations with counsel for other defendants as binding on Smarty.

Smarty timely served substantive responses to Plaintiffs' requests. Those responses make clear that where Smarty has agreed to conduct a reasonable search and produce responsive documents, production will be governed by the Federal Rules, the Local Rules, this Court's orders, the Protective Order, and a forthcoming ESI stipulation or protocol. (*See* Exs. A, B.) Two points should therefore be distinguished. Whether Smarty will search for and produce responsive documents is not in dispute: Smarty has agreed to conduct a reasonable search, and its position is not that it may disregard its discovery obligations indefinitely because no protocol exists. How that search and production will be carried out is a separate question. Smarty maintains that the mechanics of its ESI collection and production should be addressed before potentially burdensome searches and productions proceed, particularly given the breadth of Plaintiffs' requests. Because those mechanics depend on Smarty's own systems, data, custodians, burdens, and technical requirements, they are particularly suited to a direct, Smarty-specific meet and confer between Plaintiffs and Smarty before Court intervention, not to a protocol negotiated with other defendants. Smarty remains ready to participate in such a discussion.

**IV. Conclusion**

For these reasons, Smarty respectfully requests that the Court deny Plaintiffs' request for relief in the Letter as to Smarty and direct Plaintiffs to meet and confer with Smarty concerning any asserted deficiencies in accordance with the Discovery Order and Local Civil Rule 37.1 before presenting any discovery dispute concerning Smarty to the Court.

Respectfully submitted,

MANATT, PHELPS & PHILLIPS, LLP

/s/ Kenneth D. Friedman

By: Kenneth D. Friedman

cc: Counsel of Record (by ECF)